(655 P.2d 475)
No. 54,148

VIVIAN M. JOHNSON, *Appellant,* v. BEAUFORD G. MILLER, II, and FARMERS INSURANCE COMPANY, *Appellees.*

Opinion filed December 23, 1982.

*Steven D. Alexander,* of Kansas City, for the appellant.

*Barton L. Duckworth* and *Frank D. Menghini,* of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for the appellees.

Before SPENCER, P.J., PARKS, J., and HARRY G. MILLER, District Judge Retired, assigned.

MILLER, J.: This is an appeal from an order granting summary judgment in favor of defendant Miller on the ground that plaintiff's negligence action was barred by the statute of limitations, and from an order denying plaintiff's motion to reinstate Farmers Insurance Company as a party defendant.

The plaintiff claims that she was injured in an automobile accident in Wyandotte County on December 7, 1977. A lawsuit was filed on December 5, 1979, naming as defendants Beauford G. Miller, II (Miller) and Farmers Insurance Company (Farmers). The basis for naming Farmers as a defendant was the allegation that Miller was an uninsured motorist.

Service of process was made upon Farmers on December 6, 1979, and it filed its answer to plaintiff's petition on January 3, 1980, in which it specifically denied that Miller was an uninsured motorist and alleged that, in fact, Miller was insured at the time of the accident by Farmers under a policy numbered 04 2893 23 63. The filing of this answer preceded the running of the statute of limitations on Miller.

Farmers filed a motion to dismiss on October 1, 1980, on the basis that Miller was insured by Farmers at the time of the accident, and the trial court sustained this motion on November

14, 1980. Subsequently, plaintiff filed a motion to reinstate Farmers as a party defendant.

Service of process was obtained upon Miller at the Missouri State Penitentiary on November 7, 1980, approximately eleven months after the petition was filed. Miller filed his answer affirmatively pleading the statute of limitations as a defense. On the basis of the applicable statute of limitations, K.S.A. 60-513(a)(4), Miller filed a motion for summary judgment. After a hearing, the trial court, on January 8, 1982, sustained Miller's motion for summary judgment and denied plaintiff's motion to reinstate Farmers as a party defendant.

Miller, in his motion for summary judgment, asserts that since service was not obtained upon him within ninety days of the filing of the petition, then by reason of K.S.A. 60-203, the action is deemed to have been commenced on November 7, 1980, the date service was obtained on him. In response to this, the plaintiff alleges that the running of the statute of limitations was tolled by reason of K.S.A. 60-517, which provides as follows:

"If when a cause of action accrues against a person he or she be out of the state, or has absconded or concealed himself or herself, the period limited for the commencement of the action shall not begin to run until such person comes into the state, or while he or she is so absconded or concealed, and if after the cause of action accrues he or she depart from the state, or abscond or conceal himself or herself, the time of the absence or concealment shall not be computed as any part of the period within which the action must be brought. This section shall not apply to extend the period of limitation as to any defendant whose whereabouts are known and upon whom service of summons can be effected under the provisions of article 3 of this chapter."

This statute was recently discussed in *Gideon v. Gates*, 5 Kan. App. 2d 23, 611 P.2d 166, *rev. denied* 228 Kan. 806 (1980). The court held that the word "known" as used in the statute means an address or place where service of process upon the defendant can be effected that is known or should have been known to plaintiff by the exercise of due diligence. (See also Gard's Kansas C. Civ. Proc. 2d Annot. § 60-517 [1979].)

Thus the issues here are: (1) Whether the plaintiff, in the exercise of due diligence, knew or should have known of defendant's whereabouts, and (2) whether defendant concealed himself.

The defendant Miller, in support of his motion for summary judgment, filed affidavits to the effect that during the time in question, (1) he lived and worked openly in the Kansas City area;

(2) he was represented by counsel in this matter prior to plaintiff's petition being filed, and plaintiff was aware of such representation but failed to contact defendant's counsel to inquire of defendant's whereabouts; (3) defendant's employer knew of his whereabouts but was not contacted by plaintiff or her counsel; and (4) defendant was represented by counsel in an unrelated criminal matter pending in Johnson County during this time, and defendant's counsel was aware of defendant's whereabouts.

In support of plaintiff's contention that during this time Miller was concealed and thus not available for service of process, plaintiff filed affidavits indicating that (1) Miller did not live at the address he gave in the accident report; (2) he was not listed in the telephone directory; (3) efforts were made to locate him at various other addresses; (4) his father did not know of his son's whereabouts or by whom he was employed; and (5) a special process server from an investigative agency employed by plaintiff was unable to locate the defendant in the Kansas City area.

Plaintiff's affidavits, however, do not set forth any acts taken by defendant in an effort to conceal himself. The mere inability of a plaintiff to locate a defendant where there has been no attempt by defendant to conceal himself is not sufficient to establish concealment within the meaning of the tolling statute.

In *Frey v. Aultman, Miller & Co.*, 30 Kan. 181, 184, 2 Pac. 168 (1883), the court stated:

"Suppose a merchant in the east absconds from his residence and comes to the city of Topeka, there engages in the same line of business under his own name, lives as open and public a life as other citizens of Topeka; can it be said that the manner of his departure from the east, and the failure of his creditors after reasonable efforts to discover his residence in Topeka, prove that he conceals himself, within the meaning of that section? We think not. We think the word 'conceal' contemplates some action here; that he passes under an assumed name, has changed his occupation, or acts in a manner which tends to prevent the community in which he lives from knowing who he is or whence he came."

The burden of proof was upon the plaintiff to prove facts sufficient to toll the statute of limitations. *Gideon v. Gates*, 5 Kan. App. 2d 23. Viewing the evidence before the court in the light most favorable to plaintiff, as we are required to do, we are of the opinion that the trial court did not err in holding that plaintiff had not proved sufficient facts to show that defendant Miller had concealed himself, and in granting Miller's motion for summary judgment.

Plaintiff further argues that the court erred in sustaining Farmers' motion to dismiss pursuant to K.S.A. 60-256(*b*), (*c*), and in thereafter denying plaintiff's motion to reinstate Farmers as a party defendant.

Plaintiff was insured by Farmers, and originally named Farmers as a party defendant on the basis of an allegation that Miller was an uninsured motorist at the time of the accident. Farmers' motion to dismiss was sustained by the trial court on the basis of Farmers' answer alleging that, in fact, Miller was insured by Farmers at the time of the accident under another policy, and thus was not an uninsured motorist, and a supporting affidavit of its claims manager indicating that Miller's insurance policy was in force at the time of the accident. No business records of Farmers were introduced.

In opposition to this motion and in support of her subsequent motion to reinstate Farmers as a party defendant, plaintiff filed (1) an affidavit of a Farmers' sales agent stating that Miller came to his office on the afternoon of December 7, 1977, to request that his policy of insurance be reinstated, but that the policy was never reinstated; (2) a copy of a notice to Miller from Farmers advising that his policy had expired as of June 9, 1977, but could be reinstated by payment within sixty days from the expiration date; (3) a copy of a receipt for a payment made by Miller to a Farmers' sales agent dated December 7, 1977, for reinstatement of his insurance, and (4) a copy of a letter to Miller from Farmers dated January 9, 1978, indicating that Miller's check had not been honored by the bank and that Miller's policy, therefore, remained out of force in accordance with its previous notification. The record also contains affidavits indicating that Miller's attorney had requested a release from plaintiff concerning the accident on December 7, 1977, in order to prevent the motor vehicle department from suspending Miller's driving privileges for driving while uninsured.

Defendant Miller's lack of insurance coverage at the time of the accident is a material fact involved in plaintiff's right to recover uninsured motorist benefits. The documents before the court were in genuine conflict regarding this coverage. "Where the record reflects that genuine issues of fact remain, summary judgment is not warranted even though both adverse parties

moved for [it]." *Farmers State Bank & Trust Co. of Hays v. City of Yates Center,* 229 Kan. 330, Syl. ¶ 6, 624 P.2d 971 (1981).

Under the circumstances here, even though Farmers asserted in its answer that Miller was insured under a policy with Farmers, there was a genuine issue of material fact, and the court erred in granting summary judgment under K.S.A. 60-256(*c*).

Reversed and remanded.