(17 P.3d 364)
No. 80,950

CRAIG E. HOGUE, *Appellant*, v. JEREMY JOHNSON, *Appellee*.

Opinion filed July 30, 1999.

*Timothy J. King*, of Speth, King & Riedmiller, of Wichita, for the appellant.

*Lyndon W. Vix*, Fleeson, Gooing, Coulson & Kitch, L.L.C., of Wichita, for the appellee.

Before BRAZIL, C.J., PIERRON, J., and ROGG, S.J.

PIERRON, J.: Craig E. Hogue appeals the district court's granting of summary judgment in favor of Jeremy Johnson. The court found

Hogue's claim was barred by the statute of limitations due to untimely service of process on Johnson.

On April 13, 1995, Hogue and Johnson were involved in a two-car automobile accident which caused slight damage to both vehicles. Hogue waited to file suit against Johnson until April 10, 1997, 3 days prior to the expiration of the 2-year statute of limitations in K.S.A. 1996 Supp. 60-513. Pursuant to K.S.A. 60-203(a), Hogue had 90 days in which to obtain service on Johnson in order to have the action commenced on the date of the filing of the petition. The 90-day time period ended on July 9, 1997.

On June 30, 1997, Hogue's counsel retained Kansas Investigative Services to locate and obtain service of process on Johnson. Hogue was unable to obtain service on Johnson within the 90-day time period. On July 1, 1997, Judge Lahey granted Hogue an additional 30 days from and after July 8, 1997, in which to obtain service upon Johnson. Hogue was still unable to serve Johnson. On August 6, 1997, Judge Lahey entered an order pursuant to K.S.A. 60-517 that the service of process upon Johnson would not expire so long as Johnson continued to conceal himself from service of process.

Hogue continued efforts to obtain service of process on Johnson. Hogue continued the use of a private investigator. He contacted Johnson's insurance carrier and the Kansas Department of Motor Vehicles for a possible change of address for Johnson. On October 2, 1997, Hogue attempted service on Johnson by serving his father, Larry Johnson, at his residence in Wichita.

Johnson answered the petition on November 12, 1997. He argued that Hogue's claim was barred by the statute of limitations, Hogue's noneconomic damages were barred by the Kansas Automobile Injury Reparations Act, and there was insufficiency of process and insufficiency of service of process. On February 9, 1998, Johnson filed a motion for summary judgment, contending the service on his father was invalid and, even if valid, was outside both the 90-day and 120-day time periods provided in K.S.A. 60-203(a). Johnson also argued that Hogue had provided no evidence at the previous hearings that Johnson had absconded or concealed himself from service of process.

Judge Malone granted summary judgment to Johnson. Judge Malone found that Hogue had not obtained a private investigator until a few days before the expiration of the statute of limitations. He also found it troubling that Judge Lahey had issued an order extending the statute of limitations pursuant to K.S.A. 60-517, yet the order was obtained ex parte—no motion was filed, no hearing was held, no evidence was presented. Judge Malone acknowledged Judge Lahey's order, but found it was not binding or controlling in the case. Judge Malone considered the evidence and determined that Johnson had never attempted to conceal himself. Judge Malone stated that just because Hogue was unable to serve Johnson did not constitute sufficient evidence that Johnson had tried to conceal himself. Judge Malone stated that the only evidence of any concealment-type activity was that Johnson's father had given the private investigator a wrong address for Johnson, which was not an affirmative action by Johnson and was insufficient under K.S.A. 60-517.

Hogue's only argument on appeal is that the district court erred in granting summary judgment because Judge Malone's finding that Johnson did not conceal himself from service of process was inconsistent and irreconcilable with Judge Lahey's earlier decision.

Since Hogue has not addressed the merits of Judge Malone's decision, instead only arguing that Judge Malone could not contradict Judge Lahey, we agree with Johnson that Hogue has waived that issue on appeal. An issue not raised on appeal is waived or abandoned. See *Pope v. Ransdell*, 251 Kan. 112, 119, 833 P.2d 965 (1992). However, the two issues are related in that we must consider the appropriateness of Judge Malone's actions. We find them well justified.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Saliba v. Union Pacific R.R. Co.*, 264 Kan. 128, 131, 955 P.2d 1189 (1998).

Hogue obtained an ex parte order from Judge Lahey based merely on evidence that Hogue and/or his private investigator were

unable to obtain service of process on Johnson. The only evidence of this order in the record is an entry in the appearance docket. At the hearing on the motion for summary judgment, plaintiff's counsel explained that to obtain the ex parte order he had informed Judge Lahey of his efforts to serve Johnson and that it was plaintiff's counsel's "best belief and on good cause shown that [Johnson] was trying—was concealing himself from service of process as evidenced by the fact even his own insurance company, who I was talking to, didn't know where he was."

The evidence presented at the ex parte hearing was not sufficient to support a finding that Johnson absconded or concealed himself from service of process. In *Johnson v. Miller*, 8 Kan. App. 2d 288, 655 P.2d 475 (1982), the court granted summary judgment to the defendant based on the expiration of the statute of limitations because the only evidence submitted by the plaintiff was that she was unable to locate the defendant after filing suit. The *Johnson* court stated: "The mere inability of a plaintiff to locate a defendant where there has been no attempt by defendant to conceal himself is not sufficient to establish concealment within the meaning of the tolling statute." 8 Kan. App. 2d at 290.

K.S.A. 60-517 does not contemplate a district court issuing an ex parte order tolling the statute of limitations until service of process can be obtained on a party. Rather, K.S.A. 60-517 contemplates that a plaintiff will at all times exercise due diligence to obtain service on a defendant. If service of process is obtained outside of the 90-day or 120-day time period provided for in K.S.A. 60-203(a), a defendant can raise the affirmative defense of expiration of the statute of limitations in the first pleading filed with the court. See K.S.A. 60-208(c). The defendant has the burden to prove this affirmative defense. See *Slayden v. Sixta*, 250 Kan. 23, 26, 825 P.2d 119 (1992). In response, a plaintiff can then oppose imposition of the affirmative defense by asserting that the statute of limitations was tolled pursuant to K.S.A. 60-517 based on presentation of evidence that the defendant either was out of the state or absconded or concealed from service of process. K.S.A. 60-517 provides:

"If when a cause of action accrues against a person he or she be out of the state, or has absconded or concealed himself or herself, the period limited for the commencement of the action shall not begin to run until such person comes into the state, or while he or she is so absconded or concealed, and if after the cause of action accrues he or she depart from the state, or abscond or conceal himself or herself, the time of the absence or concealment shall not be computed as any part of the period within which the action must be brought."

The plaintiff has the burden to prove the existence of facts to toll the running of the statute of limitations. *Slayden*, 250 Kan. at 26.

Motions under K.S.A. 60-517 are not handled on an ex parte basis. The district court must weigh all the facts in determining whether the statute of limitations was tolled while plaintiff was unable to serve a defendant. Since a defendant must take some affirmative act to conceal himself or herself from service of process, a defendant's version of the facts is often essential for the court to make such a determination. We agree with Judge Malone's statement at the summary judgment hearing that if a plaintiff can come before the court prior to the expiration of the statute of limitations, present a self-serving set of facts with only an assumption of a defendant's affirmative concealment or absconding, and receive an order tolling the statute of limitations, then the statute of limitations is rendered meaningless.

With that background, Hogue's only real argument on appeal is that Judge Malone could not enter findings inconsistent and irreconcilable with those made by Judge Lahey. He cites two cases for authority. In *State v. Meyer*, 17 Kan. App. 2d 59, 832 P.2d 357 (1992), this court reversed a decision where the trial court, in a bench trial, acquitted the defendant on charges of forgery but found him guilty on charges of issuing or delivering a forged instrument. 17 Kan. App. 2d at 61, 70. In *McDonnell v. The Music Stand, Inc.*, 20 Kan. App. 2d 287, 886 P.2d 895 (1994), *rev. denied* 256 Kan. 995 (1995), we applied *Meyer* in the civil context. There, we reversed where a trial court granted summary judgment in favor of a music store, finding the conduct of its hired collection agency *was not* outrageous. Then, a week later, the trial court entered judgment against the collection agency, finding the collection agency's conduct *was* outrageous. 20 Kan. App. 2d at 288, 294.

*Meyer* and *McDonnell* are not applicable. In both cases, the trial court entered inconsistent rulings that simply could not stand. Here, we do not have inconsistent rulings, we have a judge changing a previous ruling in a case after additional evidence was heard. The ability of a trial judge to change a previous ruling is clearly within the judge's discretion. Furthermore, the appointment of a new judge does not alter this discretion. In *Burrowwood Assocs., Inc. v. Safelite Glass Corp.*, 18 Kan. App. 2d 396, 398, 853 P.2d 1175 (1993), the court stated:

"It is axiomatic that a trial judge may reverse himself or herself during the course of an action if he or she believes an incorrect ruling has been made. Had Judge Buchanan, who heard the motion in the first place, presided over the trial, he could have, without question, reversed himself once he was satisfied of the probability that Burrowwood would prevail. Safelite would have us deny to Judge Anderson, the assigned trial judge, the same authority Judge Buchanan would have had. This we will not do."

It was not an abuse of discretion for Judge Malone to change Judge Lahey's order or find that it was not binding. We find Hogue's argument on inconsistent rulings to be unpersuasive. We also find the district court did not err in granting summary judgment to Johnson.

Affirmed.