(106 P.3d 83)
3No. 92,728

RONALD F. BAYLESS, JR., *Appellant,* v. BRITTANY L. DIECKHAUS, *Appellee.*

Opinion filed February 18, 2005.

*David Wylie*, of Independence, Missouri, for appellant.

*Leonard R. Frischer* and *Michael L. Hughes,* of Frischer & Associates, Chtd., of Overland Park, for appellee.

Before GREEN, P.J., PIERRON and MCANANY, JJ.

GREEN, J.: Ronald F. Bayless, Jr., appeals from a dismissal granted in favor of Brittany Dieckhaus. On appeal, Bayless argues

that the statute of limitations was tolled under K.S.A. 60-517. We disagree with Bayless' argument. The statute of limitations was not tolled under K.S.A. 60-517 because: (1) Bayless, exercising due diligence, should have been able to locate Dieckhaus and (2) Bayless could have effected service of process on Dieckhaus within the statute of limitations period. Because this action was commenced outside the statute of limitations period, the trial court properly dismissed the action. Accordingly, we affirm the trial court's ruling.

The facts of this case are not in dispute. Bayless was injured in a car accident on February 7, 2001, when Dieckhaus ran a stop sign and hit the car that Bayless was driving. At that time, Dieckhaus was residing with her parents at 8828 Candlelight Lane in Lenexa. Dieckhaus began attending Northwest Missouri State University in the fall of 2001. During the school term, Dieckhaus lived in an apartment in Maryville, Missouri. Nevertheless, Dieckhaus lived at her parents' house during breaks, summers, and one weekend a month. Her parents' residence was Dieckhaus' permanent address.

In May 2002, Dieckhaus' family moved to 15228 Woodson in Overland Park. After the move, Dieckhaus' father updated their address with the post office. Dieckhaus changed her license in July 2002 to reflect the new address. Dieckhaus' mother updated their address with their automobile insurance company in May 2002.

Bayless filed suit against Dieckhaus on February 3, 2003, 4 days before the statute of limitations under K.S.A. 2004 Supp. 60-513 had expired. Summons was issued for service at 8828 Candlelight Lane in Lenexa; however, the service was unsuccessful. The sheriff's return from February 7, 2003, contained the following statement: "Subject no longer resides at address given. The Brinkman residence, whereabouts unknown." According to Bayless, he then employed an investigations firm to locate Dieckhaus. Bayless indicated that on March 31, 2003, the investigations firm reported Dieckhaus' address was still at 8828 Candlelight Lane in Lenexa.

An alias summons was issued on June 11, 2003, to be served by certified mail on Dieckhaus at the Candlelight Lane address. The post office returned the certified mail letter with the notation that the forwarding time had expired and there was a new address in

the name of Michael J. Dieckhaus at 15228 Woodson in Overland Park.

On June 19, 2003, the letter was then sent to Brittany Dieckhaus by certified mail at the new address but was returned unclaimed. Importantly, the 90-day deadline under K.S.A. 60-203 to serve Dieckhaus had expired on May 3, 2003. Moreover, Bayless failed to request a 30-day extension of the 90-day deadline as provided for under K.S.A. 60-203. The court record indicates that Bayless took no other action on the service of process until November 2003. On November 26, 2003, a special process server accomplished residential service on Dieckhaus by serving her mother at the Woodson address.

After Dieckhaus received the November 2003 service of process, she answered the petition, raising the affirmative defense that Bayless' claims were time barred by the statute of limitations. Dieckhaus then moved to dismiss the case based on the 2-year statute of limitations. The trial court granted the motion, finding that the statute of limitations had run.

On appeal, Bayless argues that the trial court erred in granting Dieckhaus' motion to dismiss based on the statute of limitations. In granting Dieckhaus' motion to dismiss, the trial court considered matters outside the pleading. Specifically, the trial court considered Dieckhaus' deposition testimony, as well as the returned June 2003 certified letter that displayed the address of Michael Dieckhaus. Under K.S.A. 60-212(b), if matters outside the pleading are presented to and not excluded by the court, a motion to dismiss for failure to state a claim shall be treated as one for summary judgment. *Goldbarth v. Kansas State Board of Regents*, 269 Kan. 881, 885, 9 P.3d 1251 (2000).

Our standard of review in summary judgment cases is familiar:

"Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the

facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citation omitted.]" *Bracken v. Dixon Industries, Inc.*, 272 Kan. 1272, 1274-75, 38 P.3d 679 (2002).

Bayless' argument also requires this court to interpret various statutory provisions concerning the limitation of actions. Interpretation of a statute is a question of law, and an appellate court's review is unlimited. An appellate court is not bound by the district court's interpretation of a statute. *Cooper v. Werholtz*, 277 Kan. 250, 252, 83 P.3d 1212 (2004).

Under K.S.A. 2004 Supp. 60-513(a)(4), the general statute of limitations for a personal injury action is 2 years. See *Smith v. Yell Bell Taxi, Inc.*, 276 Kan. 305, 307, 75 P.3d 1222 (2003). Bayless filed this action 4 days before the 2-year statute of limitations had expired. K.S.A. 60-203(a) sets forth the time period in which service must be obtained in order to commence the action at the petition filing date:

"(a) A civil action *is commenced at the time of:* (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1)."

Here, Bayless obtained service on Dieckhaus on November 26, 2003, which was 6 months after the 90-day deadline had expired under K.S.A. 60-203(a)(1). Therefore, his action was commenced after the expiration of the 2-year statute of limitations.

Nevertheless, pointing out that Dieckhaus was attending college out of state, Bayless relies on K.S.A. 60-517 for his argument that the statute of limitations should have been tolled in this case. In addressing Bayless' argument, we note that a defendant has the burden of pleading and proving the applicability of the statute of limitations. Nevertheless, the plaintiff has the burden of proving facts sufficient to toll the statute. *Gideon v. Gates*, 5 Kan. App. 2d 23, 24, 611 P.2d 166, *rev. denied* 228 Kan. 806 (1980).

K.S.A. 60-517 sets forth the circumstances under which the statute of limitations can be tolled for an out-of-state defendant:

"If when a cause of action accrues against a person he or she be out of the state, or has absconded or concealed himself or herself, the period limited for the commencement of the action shall not begin to run until such person comes into the state, or while he or she is so absconded or concealed, and if after the cause of action accrues he or she depart from the state, or abscond or conceal himself or herself, the time of the absence or concealment shall not be computed as any part of the period within which the action must be brought. This section shall not apply to extend the period of limitation as to any defendant whose whereabouts are known and upon whom service of summons can be effected under the provisions of article 3 of this chapter."

Here, it is undisputed that Dieckhaus was at school in Missouri for at least part of the time after the lawsuit was filed. Nevertheless, the last sentence of K.S.A. 60-517 indicates that even when a defendant is out of state, the statute of limitations will not be tolled if the defendant's whereabouts are known and the defendant can be lawfully served. See *Slayden v. Sixta*, 250 Kan. 23, 26-27, 825 P.2d 119 (1992). Citing the holding in *Gideon v. Gates*, 5 Kan. App. 2d 23, this court noted that the word "known" in K.S.A. 60-517 means the place "where service of process upon the defendant can be effected that is known or *should have been known to the plaintiff by the exercise of due diligence*. See Gard's Kansas C. Civ. Proc. 3d § 60-517 (1997)." (Emphasis added.) *Morris v. Morris*, 27 Kan. App. 2d 1014, 1017, 10 P.3d 771, *rev. denied* 270 Kan. 899 (2000); see *Johnson v. Miller*, 8 Kan. App. 2d 288, 289, 655 P.2d 475 (1982). Therefore, our inquiry turns to: (1) whether Dieckhaus' whereabouts should have been known to Bayless if he had exercised due diligence and (2) whether service of process could have been effected on Dieckhaus.

*Due Diligence*

Determining that Bayless did not exercise due diligence in locating Dieckhaus, the trial court stated:

"Plaintiff Ronald Bayless was required to show due diligence in discovering the whereabouts of Defendant Brittany Dieckhaus in order to comply with K.S.A. 60-517. Defendant admitted in her deposition that her permanent address is 15228 Woodson, the address in which she was served on November 26, 2003. Plaintiff's

Exhibit No. 4 displays the address of Michael Dieckhaus from which Plaintiff could have discovered Defendant's whereabouts. Plaintiff did not exercise due diligence in his search for Defendant, thus Defendant was not absent from the state of Kansas and could have been served with the Petition prior to the running of the statute of limitations."

Here, 9 months passed between the time that Bayless filed suit in February 2003 and when service of process was effected. Although Bayless had Dieckhaus' former address at the time he instituted the action, he received notice in February 2003 that Dieckhaus no longer lived at that address. Bayless then employed an investigations firm to locate Dieckhaus' current address. The investigations firm, however, gave him Dieckhaus' former address on Candlelight Lane. Bayless then attempted to serve Dieckhaus in June 2003 by certified mail at the Candlelight Lane address. Bayless received Dieckhaus' current address when that letter was returned. By that time, however, the 90-day period to serve Dieckhaus had expired.

We agree with the trial court that Bayless did not exercise due diligence in his search for Dieckhaus. The record fails to show that Bayless made any efforts to locate Dieckhaus other than employing the investigations service. Despite the limited time that Bayless had to serve Dieckhaus, there is no evidence that Bayless contacted Dieckhaus' former neighbors, asked Dieckhaus' insurance agent for her new address, or requested Dieckhaus' address from the post office. Dieckhaus' father testified that after the move, he updated the address with the postal service. Moreover, Dieckhaus' mother updated their address with the insurance company in May 2002. With minimal efforts, Bayless could have discovered Dieckhaus' whereabouts and served her with summons before the 90-day deadline under K.S.A. 60-203(a)(1) had expired.

Furthermore, once Bayless obtained Dieckhaus' new address, he did not exercise due diligence in effecting service. In June 2003, Bayless attempted to serve Dieckhaus by certified mail at the new address. The record indicates that after the letter was returned unclaimed, Bayless took no other action until November 2003. At that time, residential service was effected.

Arguing that he exercised due diligence in trying to find Dieckhaus, Bayless asserts that he did several things to find Dieckhaus but that the insurance company, Dieckhaus, and Dieckhaus' parents "actively sought to hinder service." Such a bold statement is unsupported by the record. Bayless informs us that an insurance claims representative received a copy of the petition in January 2003 but did not tell him or his counsel that Dieckhaus had a new address. There is no evidence, however, that Bayless asked the representative for Dieckhaus' address. Furthermore, Bayless provides us with no authority that, absent a request by the plaintiff, a defendant's insurance company is required to disclose the defendant's address. Bayless had the responsibility to exercise due diligence in this case. The exercise of due diligence certainly does not encompass sitting back and waiting for the defendant's insurance company to independently disclose the defendant's new address.

In addition, Bayless asserts that Dieckhaus and her mother knew about the petition shortly after it was filed in February 2003; however, the June 2003 letter to the Woodson address was returned unclaimed. Bayless fails to cite to the record for support of his statement about Dieckhaus' and her mother's knowledge about the petition. "An appellant has the duty to designate a record sufficient to establish the claimed error. Without an adequate record, the claim of alleged error fails. [Citation omitted.]" *Unrau v. Kidron Bethel Retirement Services, Inc.*, 271 Kan. 743, 777, 27 P.3d 1 (2001). Moreover, Supreme Court Rule 6.02(d) (2004 Kan. Ct. R. Annot. 35) states that the facts in an appellant's brief "shall be keyed to the record on appeal so as to make verification reasonably convenient. Any material statement made without such a reference may be presumed to be without support in the record." Therefore, it is unnecessary to discuss Bayless' assertion on this issue any further.

In his brief, Bayless asks this court to clarify that the standard for due diligence under K.S.A. 60-517 is one of objective reasonableness at the time the action was taken. In *In re L.S.*, 14 Kan. App. 2d 261, 788 P.2d 875 (1990), one of the questions was whether due diligence had been exercised in locating the natural parent before notifying her by publication service of the termina-

tion hearing. Citing *In the Interest of A.W.*, 224 Neb. 764, 766, 401 N.W.2d 477 (1987), this court set forth the following statements by the Nebraska Supreme Court:

" '[A reasonably diligent search for the purpose of justifying service by publication] is such an inquiry as a reasonably prudent person would make in view of the circumstances and must extend to those places where information is likely to be obtained and to those persons who, in the ordinary course of events, would be likely to receive news of or from the absent person.' [Citation omitted.]" 14 Kan. App. 2d at 264.

Even if we were to extend this logic to the facts of the instant case, Bayless would not be able to overcome the standard of a reasonably prudent person in view of the circumstances. Referencing the June 2003 letter that was returned with Dieckhaus' new address, the trial court stated that Bayless could have merely requested and received Dieckhaus' forwarding address from the postal service and then successfully obtained service. Moreover, as discussed above, Bayless could have made other efforts to attempt to locate and serve Dieckhaus. The evidence indicates that Bayless could have obtained Dieckhaus' address and had her served before the 90-day deadline expired. Applying the standard set forth above, we determine that Bayless' search must have extended " 'to those places where information is likely to be obtained and to those persons who, in the ordinary course of events would be likely to receive news of or from the absent person.' " Bayless failed to meet this objective standard of reasonable due diligence.

*Effective Service of Process*

In *Bray v. Bayles*, 228 Kan. 481, 484, 618 P.2d 807 (1980), our Supreme Court held that "absence from the state, as contemplated by K.S.A. 60-517, means beyond the reach of process from the Kansas courts." There, our Supreme Court determined that even though the defendants were out of state for brief periods of time, the statute of limitations was not tolled because service could have been effected under either the long arm statute or by requesting an order to allow service as provided under K.S.A. 60-304(a). 228 Kan. at 484.

Similarly, the evidence in this case establishes that Dieckhaus was not beyond the reach of process from the Kansas courts during her temporary absence from the state. The trial court stated that service could have been effected on Dieckhaus before the statute of limitations expired. Had Bayless exercised due diligence, service of process could have been accomplished by either locating and serving Dieckhaus in Missouri under the long arm statute, K.S.A. 2004 Supp. 60-308(a)(2), or by serving her at her Kansas address. Residential service is one of the acceptable methods of accomplishing service of process under K.S.A. 2004 Supp. 60-303(d)(1). Although Dieckhaus was attending college out of state for at least part of the time during this action, her permanent address was at her parents' residence in Kansas. Moreover, Dieckhaus stayed at her parents' residence during summers, breaks, and one weekend a month. The trial court determined that service was properly obtained on Dieckhaus when residential service was accomplished at her parent's address in November 2003. We agree and find that this service could have been effected before the statute of limitations had expired.

Because Bayless, exercising due diligence, should have been able to locate and properly serve Dieckhaus within the statute of limitations period, the trial court correctly determined that the statute of limitations was not tolled under K.S.A. 60-517. As a result, we affirm the trial court's dismissal of the action.

Affirmed.