Carl W.J. MCGEE, Plaintiff–Appellant,

v.

Stephanie HARDINA, Defendant–Appellee,

No. 04CA1358.

Colorado Court of Appeals, Div. III.

Dec. 15, 2005.

Rehearing Denied Feb. 23, 2006.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.

Carl W.J. McGee, Pro Se.

Thomas Clark, Elizabeth, Colorado, for Defendant–Appellee.

TAUBMAN, J.

In this case concerning the conversion of personal property, plaintiff, Carl W.J. McGee, appeals the trial court's summary judgment in favor of defendant, Stephanie Hardina. We affirm.

McGee and Hardina met in 1996 and became involved in a romantic relationship. On January 28, 1998, McGee granted Hardina a power of attorney to manage his legal affairs after he was incarcerated on criminal charges. Shortly thereafter, Hardina used this power of attorney to take possession of several items of McGee's property.

In February 1998, McGee's brother, Glen R. Martinez, visited Hardina and noticed several items of McGee's property in her home. McGee revoked Hardina's power of attorney on February 19, 1998, and granted a second power of attorney to his stepfather, Robert Moreau, on March 26, 1998.

In April 1998, Robert Moreau confronted Hardina at her residence and asked her to return McGee's property. Hardina refused to return the property and stated, "You can sue me." Hardina moved to Phoenix, Arizona later that year.

On June 4, 1998, Robert Moreau filed a police report stating that McGee was a victim of theft perpetrated by Hardina. In February 2000, McGee's mother, Dorothy M. Moreau, obtained Hardina's telephone number and called her to request that she return McGee's property; Hardina refused.

On January 10, 2002, McGee filed a complaint for conversion against Hardina. The trial court granted Hardina's motion to dismiss with prejudice on the basis that the complaint was barred by the applicable statute of limitations. This appeal followed.

## I. Findings of Fact

■ McGee contends that the trial court erred in granting Hardina's motion to dismiss because its order contained several incorrect factual findings. We disagree.

If a court considers matters outside the pleadings when deciding a motion to dismiss under C.R.C.P. 12(b)(5), it must construe that motion as a motion for summary judgment under C.R.C.P. 56. *Finnie v. Jefferson County Sch. Dist. R–1,* 79 P.3d 1253 (Colo. 2003).

Summary judgment is only appropriate where no genuine issue of material fact exists. *Boone v. Bd. of County Comm'rs,* 107 P.3d 1114 (Colo.App.2004). A material fact is a fact that affects the outcome of a case. *Whatley v. Summit County Bd. of County Comm'rs,* 77 P.3d 793 (Colo.App.2003). Thus, when a court decides a summary judgment motion, it does not engage in fact finding. *Scott Sys., Inc. v. Scott,* 996 P.2d 775 (Colo.App.2000).

We review orders granting summary judgment de novo. *Valley Bank & Trust Bank v. Holyoke Cmty. Fed. Credit Union,* 121 P.3d 358 (Colo.App.2005).

Here, Hardina attached two exhibits to her motion to dismiss, and McGee attached six exhibits to his response. Thus, the trial court properly treated Hardina's motion as one for summary judgment.

■ . However, when deciding Hardina's motion to dismiss, the court made extensive factual findings. Accordingly, the trial court erred in making these factual findings because Hardina's motion to dismiss should have been construed as a motion for summary judgment and, therefore, should only have been decided as a matter of law based on undisputed facts.

■ However, the only facts that McGee disputes are whether Martinez and Robert

Moreau were his agents; whether he requested that they check on the status of his personal property; whether Hardina used the words "you can sue me" (although it is uncontroverted that she refused to return the property when Robert Moreau confronted her in April 1998); and whether Hardina was in contact with Colorado police authorities after she moved to Arizona. Because none of these disputed facts affects the outcome of this case, we conclude that they are not material. Accordingly, even if the trial court erred in making these findings, the error was harmless.

## II. Fiduciary Duty

McGee contends that he had a fiduciary relationship with Hardina that lessened his duty of reasonable inquiry to discover the facts underlying his claim for conversion. We do not address this issue because McGee failed to raise it in the trial court. *Wisehart v. Zions Bancorporation*, 49 P.3d 1200 (Colo. App.2002). An argument not raised in the trial court cannot be raised for the first time on appeal.

## III. Statute of Limitations

McGee contends that the trial court erred in granting Hardina's motion to dismiss because his cause of action did not accrue until February 2000 and, therefore, was not barred by the statute of limitations. Alternatively, McGee contends that Hardina attempted to conceal herself by moving to Arizona, thereby tolling the statute of limitations. We disagree with both contentions.

## A. Accrual

■ Section 13–80–102(1)(a), C.R.S.2005, states as relevant here that tort actions, "regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within two years after the cause of action accrues, and not thereafter."

Conversion is an action in tort. *Carder, Inc. v. Cash*, 97 P.3d 174 (Colo.App.2003).

Section 13–80–108(7), C.R.S.2005, states: "A cause of action for wrongful possession of personal property, goods, or chattels shall accrue at the time the wrongful possession is discovered or should have been discovered by the exercise of reasonable diligence."

Pursuant to § 13–80–108(7), a cause of action for conversion accrues when the plaintiff has knowledge of facts which, in the exercise of proper prudence and diligence, would enable him or her to discover the facts underlying the claim. *Hansen v. Lederman*, 759 P.2d 810 (Colo.App.1988). The requirement that a plaintiff use due diligence in discovering a relevant circumstance or event imposes an objective standard and does not reward denial or self-induced ignorance. *Sulca v. Allstate Ins. Co.*, 77 P.3d 897 (Colo.App. 2003).

A court can take judicial notice of its own records and files. *One Hour Cleaners v. Indus. Claim Appeals Office*, 914 P.2d 501 (Colo.App.1995).

Here, McGee filed a complaint for conversion, an action in tort. Therefore, he had two years from the date his cause of action accrued to file his claim.

In his response to Hardina's answer, McGee admitted that he had continuously attempted to get his property back from her since she first obtained it. In his response to Hardina's motion to dismiss, McGee stated that Hardina first obtained his property on or about January 30, 1998. Because McGee attempted to recover his property from Hardina beginning on or about January 30, 1998, he had knowledge of the facts underlying his claim for conversion as of that date.

Moreover, when Robert Moreau confronted Hardina in April 1998 and asked her to return McGee's property, she refused to do so. Then on June 4, 1998, Robert Moreau filed a police report expressly claiming that McGee was the victim of theft perpetrated by Hardina. Consequently, the trial court found that McGee should have realized, through the exercise of due diligence, that these incidents indicated that Hardina did not intend to return his property. As a result, the trial court reasoned that his cause of action accrued prior to June 4, 1998.

We agree with the trial court's reasoning and conclude that McGee's cause of action against Hardina accrued no later than June

4, 1998, and his complaint, which was filed on January 15, 2002, was filed well outside the applicable statute of limitations.

### B. Tolling

■ Alternatively, McGee argues that Hardina attempted to conceal herself, thereby tolling the statute of limitations, by moving to Arizona, refusing to respond to his phone calls and correspondence after a private investigator supplied him with her contact information, and submitting a letter to the Limon Correctional Facility requesting that he no longer be allowed to contact her. We disagree.

Section 13–80–118, C.R.S.2005, provides for tolling a statute of limitations in certain circumstances when a party subject to suit is absent or conceals himself or herself. *MacMillan v. Bruce,* 900 P.2d 131, (Colo.App. 1995). Specifically, § 13–80–118 states in relevant part:

> If, after the cause of action accrues, [a person] departs from this state and is not subject to service of process or conceals himself [or herself], the time of his [or her] absence while not subject to service of process or the time of his [or her] concealment while not subject to service of process shall not be computed as a part of the period within which the action must be brought.

A plaintiff bears the burden of establishing that the statute has been tolled. *Norton v. Dartmouth Skis, Inc.,* 147 Colo. 436, 364 P.2d 866 (1961); *Smith v. Kent Oil Co.,* 128 Colo. 80, 261 P.2d 149 (1953).

When construing statutes, courts carry out a de novo review and look first to the plain language, always striving to give effect to the General Assembly's intent and chosen legislative scheme. *Sooper Credit Union v. Sholar Group Architects, P.C.,* 113 P.3d 768 (Colo.2005).

*Webster's Third New International Dictionary* 469 (1986) defines "conceal" as "(1) to prevent disclosure or recognition of: avoid revelation of: refrain from revealing: withhold knowledge of: draw attention from: treat so as to be unnoticed . . . (2) to place

out of sight: withdraw from being observed: shield from vision or notice."

Courts in other jurisdictions have interpreted the word "conceal" to have a similar meaning in the context of statute of limitations tolling. *See Moore v. Luther,* 291 F.Supp.2d 1194 (D.Kan.2003) (the word "conceal" contemplates an action such as passing under an assumed name, changing one's occupation, or acting in a manner that tends to prevent the community in which one lives from knowing who one is or from where he or she came); *Hogue v. Johnson,* 28 Kan. App.2d 334, 17 P.3d 364 (1999) (mere inability of plaintiff to locate a defendant where there has been no attempt by defendant to conceal himself or herself is not sufficient to establish concealment within the meaning of tolling statute).

In the context of second degree kidnapping, a division of this court has held that the word "conceal" means to keep facts secret or withhold them from the knowledge of another or to hide or secrete physical objects from sight or observation. *People v. Woodward,* 631 P.2d 1188 (Colo.App.1981).

Here, the mere fact that Hardina moved to Arizona does not amount to concealment. Additionally, the allegation that a private investigator was used to find Hardina's phone number and address in Arizona, without more, does not demonstrate that she tried to conceal herself. We find it significant that McGee did not present to the court an affidavit from the private investigator explaining the steps he took to locate Hardina, especially since he attached exhibits to his response to Hardina's motion.

Furthermore, neither Hardina's refusal to respond to McGee's phone calls and letters, nor her letter to the Limon Correctional Facility, constitutes deliberate action to withdraw herself from the public eye. This conduct simply demonstrates that she did not want to communicate with McGee. Moreover, it is undisputed that Hardina returned Dorothy Moreau's phone call in February 2000 and that McGee served his complaint on her at her Arizona address.

Therefore, we agree with the trial court that Hardina's move to Arizona did not con-

stitute an effort to conceal herself in an effort to avoid service, and the statute of limitations for the filing of McGee's complaint was not tolled. Accordingly, the trial court properly granted summary judgment in favor of Hardina.

The judgment is affirmed.

Judge CASEBOLT and Judge HAWTHORNE concur.