(148 P.3d 1284)
No. 94,698

KELLY A. FINLEY, *Appellant*, v. ESTATE OF CHARLES "DON" DE GRAZIO, CRNA; SAM SIMON, CRNA; LESLIE M. LUINSTRA, M.D.; AND TERRY L. MILLS, M.D., *Appellees*.

Opinion filed November 17, 2006.

*Larry Wall*, of Larry Wall Law Office, of Wichita, and *Terri Fahrenholtz* and *John L. Brennan*, of Brennan Law Group, P.A., of Wichita, for appellant.

*Amy S. Lemley* and *James D. Oliver*, of Foulston Siefkin, LLP, of Wichita, for appellees Leslie Luinstra and Terry Mills.

*Kenneth E. Peirce*, of Peirce Law Office, of Hutchinson, for appellee estate of DeGrazio.

*Peter G. Collins* and *Nancy Ogle*, of Woodard, Hernandez, Roth & Day, L.L.C., of Wichita, for appellee Sam Simon.

Before RULON, C.J., GREENE, and HILL, JJ.

GREENE, J.: Kelly A. Finley appeals the district court's dismissal of her medical malpractice suit as untimely filed after her counsel failed to serve process on all defendants within 90 days of filing her petition, even though she effected service within a 30-day extension granted her by a different district judge under K.S.A. 60-203(a)(1). When that extension order was set aside after her 90 days had expired, she argued that the doctrine of unique circumstances should apply to save her service and her lawsuit. We agree, reverse, and remand for further proceedings.

### Factual and Procedural Overview

Finley's purported medical malpractice claims arose in late October 2000. She timely requested a medical malpractice screening panel on October 29, 2002, thus tolling the statute of limitations under K.S.A. 65-4908. When a satisfactory panel could not be formed, the district court dismissed the screening panel proceeding on March 25, 2004. Finley timely filed her petition against four defendants on April 22, 2004.

Summons requests were fax-filed on May 25, 2004, but Finley's counsel advised the clerk that her office would effect service in lieu of using the county sheriff's office. None of the defendants had been served when counsel determined that she needed to open an estate for one of the defendants in order to have an administrator appointed to receive service. Apparently because counsel believed that the estate proceeding could not be commenced in time to effect service within the required 90-day period, counsel faxed to the court on July 7, 2004, a proposed "Order Extending Time for Service," which extended the period for service until August 20, 2004.

Although the proposed order was requested under K.S.A. 60-203(a)(1), it was submitted under a fax cover sheet but without any letter, affidavit, request for a hearing, or showing of good cause. The proposed order included a proposed finding that plaintiff had diligently attempted service without success; Finley admits that this was untrue and was included only as "boilerplate." The order was signed by Judge Richard Walker on July 8, 2004, and all defendants were properly served within the extended period. The defendants filed answers to the petition, but they also joined in a motion to dismiss, which challenged the Order Extending Time for Service.

Judge Walker recused himself from hearing the motion to dismiss, and Judge Carl B. Anderson ordered briefing before a hearing. Ultimately, Judge Anderson ruled that Finley did not have "good cause" for the extension, that counsel was not entitled to rely on the order because she knew or should have known that it was procured without the required showing, and that the doctrine of unique circumstances was not applicable to save service or the suit. Thus, the court concluded that Finley's claims were time barred and the motion to dismiss her medical malpractice suit was granted.

Finley appeals.

## Standard of Review

The unique circumstances doctrine is one of specific and limited application and is subject to de novo review by the appellate courts.

*In re Tax Appeal of Sumner County*, 261 Kan. 307, 316, 930 P.2d 1385 (1997).

### *Did the District Court Err in Refusing to Apply the Unique Circumstances Doctrine to Save Finley's Service and Lawsuit?*

K.S.A. 60-203 allows the district court to extend the time for effecting service of process upon a showing of good cause. The statute provides:

"(a) A civil action is commenced at the time of : (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, *except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff.*" (Emphasis added).

Supreme Court Rule 132 (2005 Kan. Ct. R. Annot. 199) requires ex parte applications of this nature to be presented by counsel in person to the court. This court has held that the better practice, if not the required procedure to request such an extension, is by written motion pursuant to Rule 133 (2005 Kan. Ct. R. Annot. 199), with a ruling made by the court documented pursuant to Rule 134 (2005 Kan. Ct. R. Annot. 200). *Blue v. Tos*, 33 Kan. App. 2d 404, 407, 102 P.3d 1190 (2004), *rev. denied* 279 Kan. 1005 (2005). The statute clearly requires a showing of good cause but should be liberally interpreted. See *Read v. Miller*, 247 Kan. 557, 563, 802 P.2d 528 (1990). A panel of our court has concluded that good cause may include excusable neglect. See *Ryburn v. Hill*, No. 59,169, unpublished opinion filed February 26, 1987.

The question framed by this appeal is whether the unique circumstances doctrine should be applied to save Finley's timely service after a district court extended her period for service without the required showing of good cause. The district court also addressed the question of whether Finley truly had good cause for the extension under K.S.A. 60-203(a), and Finley argues that in finding no such cause, the court abused its discretion. We believe this issue may be relevant to our analysis of the doctrine of unique circumstances, but we decline to address the issue independently, except to say that the district court's focus was incorrect; the prob-

lem is that the court did not entertain her arguments for good cause on reconsideration, but rather focused upon Judge Walker's conduct, concluding that "the Order entered by Judge Walker never should have been granted in the first place." In this regard, Judge Anderson did not grant Finley a "reconsideration," but exercised quasi-appellate review of his colleague. Any error or abuse of discretion is subsumed by our analysis of whether the doctrine should have been applied, so we proceed with our consideration of the principal question presented.

Our Supreme Court first embraced the "unique circumstances doctrine" in *Schroeder v. Urban*, 242 Kan. 710, Syl. ¶ 1, 750 P.2d 405 (1988), where it was applied to permit an untimely appeal in which the delayed filing resulted from (1) the appellant's good faith and reasonable belief that the judicial action extending the time for filing was valid; (2) the perceived extension was for no more than 30 days; and (3) the appellant filed the appeal within the 30-day extension. The doctrine is designed to provide relief when the petitioner's failure to effect a filing within the statutory requirements is due to nonparty error. *Nguyen v. IBP, Inc.*, 266 Kan. 580, 587, 972 P.2d 747 (1999) (doctrine applied when filing delay was result of an error made by an administrative law judge); see also *McMillan v. McKune*, 35 Kan. App. 2d 654, Syl. ¶ 5, 135 P.3d 1258 (2006) (doctrine applied to save untimely filing of inmate's K.S.A. 60-1501 petition).

The doctrine has also been applied to untimely service of process, especially where service that would otherwise be untimely was made in reliance on "judicial action," including the error of a clerk of the court. *Slayden v. Sixta*, 250 Kan. 23, Syl. ¶ 5, 825 P.2d 119 (1992). Since the *Slayden* case, the doctrine has been invoked for these purposes on limited occasions. See, *e.g., Morris v. Morris*, 27 Kan. App. 2d 1014, 1020-21, 10 P.3d 771, *rev. denied* 270 Kan. 899 (2000); *Douglas v. Watson*, No. 91,197, unpublished opinion filed July 2, 2004.

In determining that the doctrine should not be applied here, the district court reasoned:

"Can it be said that the plaintiff reasonably believed that Judge Walker's Order was a valid Order? I do not believe so. The plaintiff is chargeable with knowledge

of the law and counsel knew or should have known that an extension could only be obtained upon a showing of good cause. As already discussed, plaintiff admits that no showing was attempted or made prior to the order being issued.

"Additionally, plaintiff prepared the order in question and included a finding in that order that the plaintiff had attempted to serve the defendants and failed. This statement is not supported by the evidence argued at our hearing. I will not go so far as to accuse plaintiff's counsel of purposely misleading Judge Walker, but I feel it borders on a reckless disregard for the true facts of this case."

Finley argues on appeal that the district court erred in refusing to apply the doctrine because it failed to consider the "unfair prejudice" to plaintiff. Moreover, Finley argues that Judge Anderson signed an identical order submitted by Finley's counsel in another case under these precise circumstances, thus leading counsel to believe that the procedure utilized was acceptable. Finally, Finley argues that the interests of justice are not served by a dismissal of her claims because her counsel relied in good faith on an extension order of the court.

The issue presented is difficult, especially in light of the Supreme Court's admonition that the doctrine of unique circumstances should have "limited" applicability. See *In re Tax Appeal*, 261 Kan. at 316. Weighing the factors for the doctrine's application, we note that Finley sought an extension before the 90 days had run. During the initial 90-day period, she was in the midst of a dissolution and reformation of her law firm, she needed to open an estate and have an administrator appointed for one of the defendants, and she elected as a strategy to await service of other defendants in order that all could be served simultaneously. If the court had denied her request when presented with the order, she was still within the 90 days and presumably could have taken extraordinary steps to effect service absent the extension. The defendants have not shown prejudice as a result of any delay and presumably knew of the action by reason of their participation in the failed screening panel. The result of the district court's dismissal is that Finley is deprived of her action because of the acts of her counsel.

Weighing the factors against the doctrine's application, Finley's counsel unquestionably failed to observe the strictures for seeking

such an extension under K.S.A. 60-203(a). As this court has recently noted, the statute contemplates more than the fax filing of a proposed order to the court. See *Blue v. Tos*, 33 Kan. App. 2d at 407. As noted by the district court, counsel is charged with knowing the law and should have realized that her fax-filed application for an extension order without a showing of good cause was not in compliance with the statute, or least not the better practice. Moreover, as emphasized by appellees, Finley's proposed order contained untrue "boilerplate."

Before "balancing" these factors, however, we address the appellees' argument that Judge Anderson merely "reconsidered" Judge Walker's order. In oral argument before this court and in Rule 6.09 (2005 Kan. Ct. R. Annot. 44) letters, the appellees argue that Judge Anderson had the inherent authority to revise, modify, or void the order of Judge Walker, citing *Hogue v. Johnson*, 28 Kan. App. 2d 334, 17 P.3d 364 (1999), *Bichelmeyer Meats v. Atlantic Ins. Co.*, 30 Kan. App. 2d 458, 462, 42 P.3d 1191 (2001), and *Burrowwood Assocs. Inc. v. Safelite Glass Corp.*, 18 Kan. App. 2d 396, 398, 853 P.2d 1175 (1993). We have no quarrel with the general rule that a different judge of the same court in the same case may reverse a prior order under certain circumstances, but here the reversal came *after* a party had relied on the prior order for an extension of time critical to survival of the cause of action. Although *Hogue* resulted in the dismissal of a party's lawsuit, the extension order was beyond both the 90 and the 120-day statutory periods and sought to extend for an indefinite time the period for service based upon an affirmative misrepresentation that the defendant had concealed himself from service of process.

Although the parties disagree whether the record supports a misrepresentation by Finley's attorney, we conclude that the district court stopped short of so finding. Judge Anderson refused to find that counsel had misled Judge Walker, concluding only that her actions "border[ed] on a reckless disregard for the true facts." Judge Anderson also apparently failed to consider that counsel previously had presented another 60-203(a) extension order in the same manner and it was never challenged by the parties involved or by the court. We also note that Judge Anderson acknowledged

that there were facts which would probably have supported the extension:

"Counsel, . . . if you would have put your motion in front of Judge Walker that my firm is broken up, I'm really pressed, I have got to open up an estate to get this done, I don't have any doubt that Judge Walker would have signed it and I don't have any doubt . . . that I would have not questioned Judge Walker's ruling, to be quite honest."

Although the appellees characterized Judge Anderson's actions as a reconsideration, it is clear to this court that Judge Anderson did not truly "reconsider" whether Finley should have additional time for service, but rather viewed his role as if he were reviewing the Walker order *on appeal*; that is to say, instead of determining whether Finley was *entitled* to an extension by reason of her arguments and authorities, he focused upon whether Judge Walker should have proceeded as he did. This is most abundantly clear from Anderson's comments set forth above, indicating that Finley was probably entitled to the extension upon a showing such as the one made at the purported reconsideration. For this reason, we believe that this situation is neither controlled nor instructed by authorities addressing reconsideration in the traditional sense. Here, Judge Anderson ruled void *ab initio* the Walker order *after* Finley had relied on the extension to effect her service of process on the defendants. If we were to sanction such post hoc appellate review among district judges, it would jeopardize the fairness, efficiency, and finality of the administration of justice in Kansas.

We believe that counsel's prior experience supported her claim of good faith, especially when coupled with this admission from Judge Anderson. And in concluding that the doctrine should be applied, we again emphasize that our Supreme Court has indicated that the policy of a merits adjudication weighs heavily in favor of application under these circumstances:

"In determining whether to expand the unique circumstances doctrine further, we are forced to balance the K.S.A. 1990 Supp. 60-513 limitation for filing the action, the requirement of K.S.A. 1990 Supp. 60-203(a) that service of process be obtained within 90 days after a petition is filed, *and the policy to provide litigants their day in court*. A timely filing, service of process, and *a just adjudication on*

*the merits of the action is what our legislature intended by adopting the Code of Civil Procedure."* (Emphasis added.) *Slayden v. Sixta,* 250 Kan. at 30.

In "balancing" all of the competing factors, we conclude that Finley was entitled to application of the doctrine of unique circumstances and that the district court erred in refusing its application. Our conclusion is based upon: (1) the apparent practice in McPherson District Court, or at least on one prior occasion, to accommodate 60-203(a) requests of counsel upon little or no showing, thus causing counsel to reasonably believe that her extension order was valid; (2) despite what the district court characterized as "reckless disregard" for the true facts in establishing good cause, counsel's conduct was found to be less culpable than an outright misrepresentation or fraud on the court; (3) the lack of any real prejudice to defendants by reason of being served in mid-August rather than prior to July 22; (4) the need to liberally construe the good cause requirement of K.S.A. 60-203(a)(1); (5) the prejudice to plaintiff of a dismissal of her action, contrary to policy in Kansas to provide litigants their day in court through an adjudication on the merits. See *Slayden,* 250 Kan. at 30; (6) our belief that the implications of Judge Anderson's decision to render void *ab initio* the order of another judge after a party has relied on that order to extend a deadline critical to survival of that party's cause of action could place in question the validity of virtually every order of a district court, thus jeopardizing the efficiency of the administration of justice in Kansas.

Acknowledging that the case presents a very difficult question, we believe that the doctrine of unique circumstances should have been applied here to save Finley's service of process and her cause of action. We acknowledge Finley's counsel's failure to comply with the statutory requirements, as well as her inclusion of untrue "boilerplate" within the proposed order; whether she is subject to discipline is an entirely separate question that is not before this court. We reverse the district court's dismissal of Finley's suit and remand with directions that it proceed as if service had been timely effected.

Reversed and remanded with directions for further proceedings.