NOT DESIGNATED FOR PUBLICATION

No. 119,857

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOHNSRUD TRANSPORT, INC.,
*Appellee*,

v.

MCDONALD'S RESTAURANTS OF KANSAS, INC.; PHILLIPS 66 COMPANY;
CAREY JOHNSON OIL COMPANY, INC., D/B/A EZ GO STORE #75;
AND KANSAS TURNPIKE AUTHORITY,
*Appellants*.


MEMORANDUM OPINION

Appeal from Sumner District Court; WILLIAM R. MOTT, judge. Opinion filed August 23, 2019. Affirmed.


*Jennifer M. Hill*, of McDonald Tinker PA, of Wichita, *Andrew D. Holder*, of Fisher Patterson Salyer & Smith, LLP, of Topeka, *Penny A. Calhoun*, of Wallace Saunders, Chartered, of Wichita, and *Jenifer W. Svancara*, of Law Office of Paul D. Larimore, of Overland Park, for appellants.


*Aaron J. Racine*, of Monaco, Sanders, Racine, Powell & Reidy, LC, of Leawood, for appellee.


Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.


PER CURIAM: This is an interlocutory appeal by defendants McDonald's Restaurants of Kansas, Inc.; Phillips 66 Company; Carey Johnson Oil Company, Inc. d/b/a EZ Go Store #75; and the Kansas Turnpike Authority. They are four of the five defendants named in an untimely petition filed by Johnsrud Transport, Inc. (Johnsrud). The fifth, Kansas Department of Wildlife, Parks and Tourism, has not joined in this appeal. Defendants moved to dismiss the case based on Johnsrud's failure to meet the

1

statute of limitations. But the district court applied the unique circumstances doctrine, excusing Johnsrud's untimely petition. It denied the motions to dismiss and we granted an interlocutory appeal. We find no error in the district court's decision.

*Factual and Procedural Background*

Johnsrud alleges that on December 28, 2015, its employee was injured in a slip and fall in the course of his employment at the Interstate 35 Belle Plaine Service Area in Sumner County, a property allegedly owned or controlled by the appellants. The fall apparently occurred outside and the facts have not established which, if any, of the defendants controlled the area in which the fall occurred. The employee made a workers compensation claim against Johnsrud under the workers compensation laws of Iowa. Johnsrud then filed a workers compensation third-party subrogation action against the appellants to recover its costs as the assignee of the employee's negligence claims under K.S.A. 44-504(c).

But Johnsrud had some trouble doing so. On December 28, 2017, the last day of the applicable statute of limitations, Johnsrud's counsel, Aaron Racine, tried to file his petition through the Kansas eFlex electronic filing system. At 4:13 p.m., the eFlex system failed to load counsel's wallet account and rejected the filing. Racine resubmitted the petition at 4:37 p.m. through the eFlex portal and paid the required filing fee using his wallet account. His petition was thus "received" by the Sumner County District Court Clerk.

But his petition was not "accepted," and a pleading is not filed until it is accepted. The next day, the Sumner County District Court Clerk's office informed Racine that his petition had been rejected "because unacceptable punctuation had been used in the party information input screens of the eFlex portal." The clerk's office did not specify what punctuation was unacceptable, or which party's information was problematic, but Racine

understood he had entered some punctuation somewhere in the name fields that the clerk would not accept. The clerk's office told Racine he needed to resubmit the petition as a new filing despite Racine's expressed concerns about the statute of limitations. Racine later received an email from the Deputy Clerk of the Sumner County District Court stating it had rejected the petition "due to clerical errors." Still, it did not specify which clerical errors had occurred or where those errors were.

Racine then removed all punctuation from all parties' information input screens and again tried to file the same petition using the eFlex system. This filing was received and accepted, and thus filed, on December 29, 2017, one day after the statute of limitations had run.

The appellants moved to dismiss, asserting the action had not been timely commenced. At the hearing on the motions to dismiss the court asked Racine about the rejection of his petition:

> "MR. RACINE:  My conversation with [the Sumner County District Court Clerk] on December 29th, she did not indicate specifically what punctuation problems there were when she said that the case had been rejected for those fields having punctuation.
> As the court is aware, multiple defendants in this case, corporate entities, and there were apostrophes, hyphens—
> "THE COURT:  Inc period.
> "MR. RACINE:  Inc period.
> "THE COURT:  You can't put that in the fields.
> "MR. RACINE:  She didn't—she—she wasn't specific so, to—to defense counsel's point, I still don't know. What I did when I re-filed was I took out all punctuation, all the hyphens, no apostrophes, no periods, no commas, when I reentered it on the 29th, and then it was accepted. So she didn't specifically tell me what was unacceptable. Just that there was punctuation in those fields that they wouldn't accept.
> "THE COURT:  And why did you have punctuation in those fields?

3

"MR. RACINE: Because that's the way the parties were. I mean, that was [their] name. McDonald's has a—when you go to the secretary of state's website it has a comma in the name. EZ GO has, you know, hyphens or slashes in it. So we just followed whatever we pulled up from their—from their corporate filings. And—And I should look at that. I don't want to say that for sure, but we—we did file whatever their corporate names were listed as in those—in those data fields."

After hearing arguments from counsel, the district court denied appellants' motions to dismiss. It ruled that although the statute of limitations had expired before Johnsrud's petition was accepted and filed by the court, the unique circumstances doctrine excused that untimely filing.

Four of the five defendants appealed. The district court held that the criteria in K.S.A. 2018 Supp. 60-2102(c) were met, allowing an interlocutory appeal. We granted appellants' application for interlocutory review.

*Did the District Court Err by Applying the Unique Circumstances Doctrine?*

The sole issue on appeal is whether the district court erred by applying the unique circumstances doctrine. "Our determination of both the viability and applicability of the unique circumstances doctrine involves questions of law, over which this court has unlimited review." *Board of Sedgwick County Comm'rs v. City of Park City*, 293 Kan. 107, 113, 260 P.3d 387 (2011).

*Analysis*

Neither party disputes that the statute of limitations ran before the date Johnsrud's petition was accepted and thus filed. And neither party seems to argue that the unique circumstances doctrine is generally unavailable. The doctrine essentially provides that a

4

party equitably may be excused from a time bar if the party has been affirmatively misled about the applicable law in a ruling by a court or an administrative agency or by the actions of a related state actor such as a court clerk. *Board of Sedgwick County Comm'rs*, 293 Kan. at 113-15 (tracing development of unique circumstances doctrine). Under this doctrine, district courts may excuse an otherwise untimely filing when "unique circumstances" are present. *Nguyen v. IBP, Inc.*, 266 Kan. 580, 586-87, 972 P.2d 747 (1999). This doctrine is limited in scope and applies only where nonparty error causes the untimely filing. *Finley v. Estate of DeGrazio*, 285 Kan. 202, 211, 170 P.3d 407 (2007).

Equitable exceptions like the unique circumstances doctrine do not apply to subject matter jurisdictional issues such as appellate filing deadlines. *Board of Sedgwick County Comm'rs*, 293 Kan. at 120. But the doctrine remains viable to save a cause of action from being dismissed on statute of limitations grounds. See *Woods v. Unified Gov't of Wyandotte County/KCK*, 294 Kan. 292, 298-99, 275 P.3d 46 (2012); *Board of Sedgwick County Comm'rs*, 293 Kan. 107, Syl. ¶ 3; *Mangus v. Stump*, 45 Kan. App. 2d 987, 997, 260 P.3d 1210 (2011). That is the case here. We agree that the unique circumstances doctrine could be applied as an equitable remedy to prevent the statute of limitations from barring a petition in this kind of case, and under the specific facts of this case.

### *Did the District Court Find Nonparty Error?*

The appellants argue that the district court made no finding of nonparty error. We disagree.

Although the district court was reluctant to pin any error on its clerk, the district court voiced its understanding that some error was needed to apply the unique circumstances doctrine. It explained:

"I think the statute of limitations bars it, but I'm going to go ahead and—and rule against [the appellants] based on unique circumstances. I don't think that it was the party's error. Put it that way. If anything, it's—it's an error in the—in the judiciary application of this new system that—that could [have] gone either way here depending on which way this clerk was going to do things. So I'm denying the motion to—the motions to dismiss."

The district court thus found that the doctrine applied and that it was not "the party's error." Instead, it attributed error to "the judiciary application of this new system that—that could [have] gone either way here depending on which way this clerk was going to do things." This language confirms that the district court's efiling system was new. It suggests that the clerk may have had discretion to accept the first petition, even with the prohibited punctuation. And it finds that nonparty error caused the untimely filing. Because the district court applied the unique circumstances to a situation involving a nonparty error, we find no error of law.

*Did the District Court Err in Finding Nonparty Error?*

We next address appellants' claim that Racine's own error caused the clerk's office to reject his petition. Appellants contend that Johnsrud failed to prove that the clerk's rejection of his petition stemmed from nonparty error. Johnsrud counters that the clerk's rejection of its petition was a nonparty error, as it was "based upon the use of unspecified punctuation in the party information input screen prohibited by a restriction not set forth in any rules of the Supreme Court, Sumner County District Court, or Kansas Judicial Branch." We agree.

Racine sought to file his petition within the appropriate statute of limitations and was unaware until the following day that the filing had been rejected. The filing was rejected because of an unspecified use of punctuation in the party information input screen. Although we do not know which period, comma, hyphen, or apostrophe was present yet should not have been, we do know that Racine had typed the defendants'

6

names into the proper fields with the standard punctuation typically used in each party's legal name.

Although we do not have a document showing the party name fields that Racine sent and the clerk rejected, we have counsel's word that he entered the parties' standard corporate names, complete with punctuation, in those fields. Counsel is an officer of the court. We find his word sufficient to remove the facts from the realm of mere speculation. Thus:

- Racine entered an apostrophe, a comma, and a period for defendant "McDonald's Restaurants of Kansas, Inc.";
- Racine entered commas, a period, slashes, and the number symbol for defendant "Carey Johnson Oil Company, Inc., D/B/A EZ Go Store #75";  and
- Racine entered a comma for defendant "Kansas Department of Wildlife, Parks and Tourism."

Did Racine err in not knowing that some or all of this punctuation was prohibited in the party name fields he had to complete to efile his petition? We think not, based on our review of the published rules regarding efiling, generally, and punctuation, specifically. Racine contends that the Thirtieth District had no published information about punctuation in efiling —nothing on its website, no local rules. That has not been refuted. He admits he had access to two published documents:  Supreme Court Rule 122 (2019 Kan. S. Ct. R. 201); and the "Data Entry Rules for Filers – Civil Parties," which is guidance to electronic filers and is available online through the Kansas Judicial Branch at http://www.kscourts.org/Cases-and-Opinions/e-filing/Civil-Data-Entry-Rules-forAttorneys%20030613.pdf. We find no other published rules relevant to this issue. Kansas Supreme Court Administrative Order No. 268, effective October 22, 2012, addresses technical standards governing electronic filing and transmission of court documents but does not speak to punctuation.

Nor does Rule 122 address punctuation in entering party names into the system. Instead, it generally states:

> "(g) Standard Operating Procedures. The judicial administrator is authorized to adopt standard operating procedures consistent with this rule to facilitate the process of electronic filing in district courts. In developing these procedures, the judicial administrator will consult with stakeholders, as appropriate." (2019 Kan. S. Ct. R. 203).

The Data Entry Rules for Filers on the Kansas Judicial Branch website are more specific and speak to some punctuation when entering party names. But they do not prohibit all punctuation when entering corporate party names, as did the clerk here. The rules more specifically address the use of punctuation when a party is an individual, but not when a party is a company. The rules are not clear as to the required or prohibited punctuation to use when entering a corporate party in a name field. Instead, they require punctuation in some instances, and do not prohibit it in others.

The Data Entry Rules for Filers do not speak to punctuation in first names. For middle names that use only an initial, the rules state "do not use a . (period)" and for a name suffix, "[e]nter the suffix using no punctuation." But the defendants are corporate and Racine entered no party information with a middle initial or a name suffix, so those punctuation rules did not apply. As to last names, the rule states: "Type the name exactly how it is." Racine did so, yet his petition was rejected. The rules expressly add, as to last names, "For names with apostrophe, use apostrophe (no spaces)  Example: O'Malley." A reasonable reader of the rules would thus use an apostrophe for "McDonald's," assuming it is a last name. If it is a first name, no punctuation rules are stated. The rules also list common abbreviations, but the abbreviations relate to addresses and do not include "Inc." or other common corporate party abbreviations. See Data Entry Rules for Filers – Civil Parties, http://www.kscourts.org/Cases-and-Opinions/e-filing/Civil-Data-Entry-Rules-forAttorneys%20030613.pdf (last visited Aug. 6, 2019).

8

The published rules thus do not prohibit the standard punctuation used in the party defendants' names. Instead, they tell the filer to "type the name exactly how it is." Racine did so yet the clerk rejected his petition because of punctuation that normally occurs in the defendants' legal names. We find substantial competent evidence supporting the district court's determination that Racine made no error that caused his initial petition to be rejected. The delay in filing the case was attributable to an error by the clerk of the district court in enforcing rules it had not published, giving the filer no clear notice of what was required.

*Do the Equities Warrant Application of the Unique Circumstances Doctrine?*

The unique circumstances doctrine considers the nonparty error, whether the party's conduct affected the nonparty error, and whether the party reasonably relied on the nonparty's action. The unique circumstances doctrine "depends upon such concepts as equity, the interests of justice, good faith, estoppel, or nonparty error." *Finley*, 285 Kan. at 209. Recently, the Kansas Supreme Court excused the untimely filing of a will when a will was delivered to the court, the court erroneously informed the heirs that it did not have possession of the will, and then the clerk found the will after the limitation period for petitioning a will for probate had passed. *In re Estate of Oroke*, No. 116,333, 2019 WL 3516045, at *6 (Kan. 2019). The Supreme Court applied the unique circumstances doctrine because the clerk of the district court failed to remember or to follow the clear edict of the Legislature and the Supreme Court, the heirs acted in good faith, the heirs had a reasonable basis as to why they did not comply with the time restrictions, and the prejudice resulting from enlarging the time limitation was small, whereas the injustice to the heirs from not enlarging the time would be great. Similarly, in *Mangus*, we found plaintiff's cause of action was not barred by the statute of limitations because plaintiff's counsel asked for an extension of time for service, made no misrepresentations to the court, and then relied in good faith on the district court's extension. 45 Kan. App. 2d at 999-1000. On the other hand, in *Finley*, counsel's untrue representations to the court in

9

securing a 30-day extension of time for service of process prevented application of the unique circumstances doctrine. 285 Kan. at 209.

The unique circumstances doctrine "seems to require a demonstration of good faith on the part of the party seeking an enlargement of time to appeal and a reasonable basis for noncompliance within the time specified by the rules," and courts should use these two concepts to guide its application of the doctrine. *Slayden v. Sixta*, 250 Kan. 23, 30, 825 P.2d 119 (1992). Racine acted in good faith by relying on the published rules regarding efiling and by complying with their stated punctuation requirements while trying to efile his petitions. He showed a reasonable basis for noncompliance by inserting the party names exactly how they were legally named, as the rules appear to require. Those determinations are supported by the evidence of record we summarized above. His client would be greatly prejudiced if the time is not extended by one day, but no prejudice to appellants by extending the time limit has been shown.

The district court carefully weighed the equities and found that application of the unique circumstances doctrine served the interests of justice. We agree. The law prefers that cases be decided on their merits rather than on technical compliance with procedural rules. See *Fisher v. DeCarvalho*, 298 Kan. 482, 500, 314 P.3d 214 (2013); *Bazine State Bank v. Pawnee Prod. Serv., Inc.,* 245 Kan. 490, 495, 781 P.2d 1077 (1989) (In determining whether to set aside default judgment, a court should resolve any doubt in favor of the motion so that cases may be decided on their merits.).

> "The unique circumstances doctrine is one this court uses sparingly. However, neither the Legislature in repealing K.S.A. 59-620, nor this court in enacting Supreme Court Rule 108(e)(4)(A), intended that an error by a judicial employee should be inconsequential as to the statute of limitations. Equitably tolling the statute of limitations provides a realistic and fair remedy for an unusual situation not contemplated by the statutory scheme." *Oroke*, 2019 WL 3516045, at *8.

10

Similarly, we find that litigants should not be unnecessarily penalized for their attorney's informed and good-faith attempt to timely efile a petition under the circumstances shown here.

Based on the unusual facts not contemplated by our rules or statutes, and considering the guiding concepts set forth above, we hold that the district court did not err by applying the unique circumstances doctrine. Accordingly, the district court properly denied appellants' motions to dismiss.

Affirmed.