NOT DESIGNATED FOR PUBLICATION

No. 121,032

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHRISTOPHER GUILBEAUX,
*Appellant*,

v.

DAN SCHNURR,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed January 10, 2020.
Affirmed.

*Chris J. Pate*, of Pate & Paugh, LLC, of Wichita, for appellant.

*Joni Cole*, legal counsel, El Dorado Correctional Facility, for appellee.

Before GARDNER, P.J., BUSER, J., and LAHEY, S.J.

PER CURIAM: Christopher Guilbeaux appeals the district court's summary
dismissal of his K.S.A. 2017 Supp. 60-1501 petition. The district court found the petition
was not timely filed. Guilbeaux contends his petition was timely, but also asks us to
apply the doctrine of unusual circumstances to excuse his filing, if it was untimely.
Declining to do so, we affirm the dismissal of his petition.

1

*Factual and Procedural Background*

Guilbeaux is an inmate at El Dorado Correctional Facility (EDCF). The facts underlying Guilbeaux's petition, which the district court dismissed as untimely, began on August 27, 2017, when he arrived one minute late to work. In response, the cell house officer offered Guilbeaux a summary judgment citation, case no. 17-08-403, charging Guilbeaux with violation of K.A.R. 44-13-201b Work Performance, a Class II offense.

A summary judgment is a form of citation that a unit team manager may offer an inmate for minor offenses, as an alternative to the formal disciplinary hearing process. K.A.R. 44-13-201b. Summary judgment offers minimum sanctions, listed in K.A.R. 44-13-201b(c)(2), including a "fine not to exceed $10.00." An inmate may either accept the summary judgment citation or refuse the summary judgment citation, which triggers the standard disciplinary hearing process. K.A.R. 44-13-201(c)(3).

Guilbeaux contends that before the officer handed him the summary judgment citation, the officer marked the bottom of it indicating a $5 fine, and placed an "X" in the box indicating "no contest." Guilbeaux says he refused to sign the bottom of the summary judgment citation because the officer had marked the no-contest box. He signed only the section indicating he had received the document and wanted a disciplinary report and hearing.

Guilbeaux then submitted a witness list in preparation for his disciplinary hearing. But a couple of days later, he discovered that $5 had been deducted from his inmate funds account. Guilbeaux asked a supervisor about this and was told the supervisor would look into it. On September 7, 2017, Guilbeaux moved to dismiss the summary judgment citation, asking why his money had been taken as a fine. The hearing officer's written response dated September 8 states that the citation had been submitted as an accepted summary judgment, and that Guilbeaux had "the right to appeal."

Guilbeaux claimed he did not receive that September 8 response until October 6, 2017. That same day, Guilbeaux filed a disciplinary appeal with EDCF contending that EDCF had violated his due process rights by taking his property ($5), that he had not waived his disciplinary hearing or other rights, and that he had refused summary judgment, not accepted it.

On October 12, 2017, EDCF's legal counsel responded on the appeal form that the "record supports disposition," meaning the record showed Guilbeaux had accepted the summary judgment citation, not rejected it. That form indicates that the "DOC Facility Management Area" received legal counsel's response on October 19, 2017, but the record fails to show what happened thereafter. Guilbeaux's petition contends that EDCF first returned this form to him on January 16, 2018, after Guilbeaux asked about another pending appeal. On January 22, 2018, Guilbeaux wrote to the deputy warden complaining about this appeal and the next day the deputy warden wrote Guilbeaux recommending that he "file in District Court if you feel like the appeal process failed you."

On February 13, 2018, Guilbeaux petitioned for writ of habeas corpus alleging his due process rights had been violated. EDCF responded that the petition should be dismissed because Guilbeaux had failed to meet the 30-day statute of limitations.

After reviewing the pleadings and other documents, the district court agreed that Guilbeaux's petition was untimely. It summarily dismissed Guilbeaux's petition as time-barred by K.S.A. 2017 Supp. 60-1501's 30-day time-limit, finding:

- Guilbeaux became aware on or about September 8, 2017, that EDCF had determined that he had accepted summary judgment instead of asking for a disciplinary hearing;
- Guilbeaux had 30 days thereafter to timely file his petition in the district court;

3

- Guilbeaux failed to do so until 158 days had passed; and

- EDCF's statements to Guilbeaux about a right to appeal did not excuse his untimely filing.

Guilbeaux timely appeals.

*Did the District Court Err in Finding Guilbeaux's Petition Untimely?*

Whether a district court erred by summarily dismissing a K.S.A. 2017 Supp. 60-1501 petition raises a question of law. An appellate court exercises unlimited review of a summary dismissal. *Johnson v. State*, 289 Kan. 642, 649, 215 P.3d 575 (2009).

The district court granted EDCF's request for dismissal because Guilbeaux did not file his petition within the 30-day statute of limitations in K.S.A. 2017 Supp. 60-1501(b). That statute provides that an inmate must file a K.S.A. 2017 Supp. 60-1501(a) petition "within 30 days from the date the action was final, but such time is extended during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies." K.S.A. 2017 Supp. 60-1501(b). This statute applies here.

*When did the 30-day period begin to run*?

The district court determined that the 30-day period began to run when Guilbeaux received EDCF's letter dated September 8, 2017, saying it had determined that Guilbeaux had accepted summary judgment instead of asking for a disciplinary hearing. We agree that EDCF's September 8 letter serves as the basis for Guilbeaux's alleged constitutional violation. See *Laubach v. Roberts*, 32 Kan. App. 2d 863, 869-70, 90 P.3d 961 (2004) ("[A]n inmate must file a habeas corpus petition within 30 days of the improper action serving as the basis for an alleged constitutional violation, except that such time period is

4

tolled during the administrative review process."). So Guilbeaux's receipt of that letter started the clock ticking.

The facts are not clear as to the date Guilbeaux received that letter. The district court found that Guilbeaux received it on or around September 8, the date EDCF's letter was written. But Guilbeaux alleges he did not receive it until a month later, on or around October 6. On motion for summary dismissal, the district court must resolve all facts and inferences which may reasonably be drawn in favor of the non-moving party. See *Fletcher v. Nelson*, 253 Kan. 389, 391, 855 P.2d 940 (1993). But even if we credit Guilbeaux's allegation, he failed to file his petition within 30 days of having received that letter in October. He did not file his petition until over four months later, on February 13, 2018. His petition was thus untimely.

True, the 30-day period is extended during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies. K.S.A. 2018 Supp. 60-1501(b). And the facts show Guilbeaux made some later attempts to ask about and to appeal EDCF's processing of his summary judgment citation. Yet Guilbeaux does not squarely contend, and the facts fail to show, that EDCF provided any administrative remedies for him to exhaust.

*Did Guilbeaux Accept or Reject the Summary Judgment Citation?*

Instead, Guilbeaux primarily contends that he did not accept the summary judgment citation. On that point, he may or may not be correct. The regulations generally require the summary judgment citation to include "the signature of the inmate indicating acceptance or refusal of the summary judgment." K.A.R. 44-13-201b(c)(1)(G). Yet Guilbeaux refused to sign it either way. The regulations do not speak to that event, except to say that once an inmate receives a summary judgment citation, the inmate must choose to accept or reject it within an hour, or a refusal will be assumed. K.A.R. 44-13-

5

201b(c)(3). But no facts show that Guilbeaux did not choose for over an hour of receiving his summary judgment citation.

The relevant regulations are confusing and contradictory, as applied to our facts. See K.A.R. 44-13-201b(c)(3)(B) ("The summary judgment citation shall be marked and signed by the officer and the inmate to indicate the inmate's refusal."); K.A.R. 44-13-201b(c)(3)(A) ("If the inmate accepts the summary judgment offered, this acceptance shall constitute a waiver of the inmate's right to the benefits of the formal disciplinary hearing process. The waiver of rights established according to K.A.R. 44-13-101a shall be executed by the inmate."); K.A.R. 44-13-101a(a) ("The waiver shall be signed by the inmate and the hearing officer unless the inmate is waiving the right to the disciplinary hearing process by accepting a summary judgment citation as defined in K.A.R. 44-13-201b.").

Fortunately, we need not decide whether EDCF erred in finding that Guilbeaux accepted the summary judgment. To decide that issue would decide the merits of Guilbeaux's K.S.A. 60-1501 petition. For purposes of determining the timeliness of Guilbeaux's filing that petition, we shall assume EDCF erred in its determination.

But even assuming that EDCF was wrong, and Guilbeaux rejected the summary judgment by not signing it either to accept it or to reject it, Guilbeaux got clear notice that EDCF determined that he had accepted the summary judgment citation. Guilbeaux admits that he received that notice more than 30 days before he filed his K.S.A. 60-1501 petition, which asserts he rejected the citation, and that 30-day period was not tolled by any exhaustion of administrative remedies. The district court thus properly found that Guilbeaux's petition was untimely.

6

*Does the Doctrine of Unusual Circumstances Excuse Guilbeaux's Untimely Filing?*

Guilbeaux next contends that if his petition was untimely, its untimeliness is excused by the doctrine of unusual circumstances. Determining the applicability of the unique circumstances doctrine involves a question of law, over which this court has unlimited review. *Board of Sedgwick County Comm'rs v. City of Park City*, 293 Kan. 107, 113, 260 P.3d 387 (2011).

Equitable exceptions like the unique circumstances doctrine do not apply to subject matter jurisdictional issues such as appellate filing deadlines. *Board of Sedgwick County Comm'rs*, 293 Kan. at 120. But the doctrine remains viable to save a cause of action from being dismissed on statute of limitations grounds. See *In re Estate of Oroke*, 310 Kan. 305, 314, 445 P.3d 742 (2019). We view the 30-day time period for a 60-1501 petition as more analogous to a statute of limitations than to a jurisdictional bar. See *Knittel v. Kansas Prisoner Review Bd.*, No. 111,552, 2014 WL 6777450, at *3 (Kan. App. 2014) (citing other decisions of the Kansas appellate courts that view K.S.A. 60-1501[b] as a statute of limitations for habeas corpus petitions).

The unique circumstances doctrine essentially provides that a party equitably may be excused from a time bar if the party has been affirmatively misled about the applicable law in a ruling by a court or an administrative agency or by the actions of a related state actor such as a court clerk. *Board of Sedgwick County Comm'rs*, 293 Kan. at 113-15 (tracing development of unique circumstances doctrine). Under this doctrine, district courts may excuse an otherwise untimely filing when "unique circumstances" are present. *Nguyen v. IBP, Inc.*, 266 Kan. 580, 586-87, 972 P.2d 747 (1999). This doctrine is limited in scope and applies only where nonparty error causes the untimely filing. *Finley v. Estate of DeGrazio*, 285 Kan. 202, 211, 170 P.3d 407 (2007).

The unique circumstances doctrine considers the nonparty error, whether the party's conduct affected the nonparty error, and whether the party reasonably relied on the nonparty's action. The unique circumstances doctrine "depends upon such concepts as equity, the interests of justice, good faith, estoppel, or nonparty error." *Finley*, 285 Kan. at 209.

Guilbeaux relies on *McMillan v. McKune*, 35 Kan. App. 2d 654, 661, 135 P.3d 1258 (2006), where this court applied the doctrine of unique circumstances to render timely an inmate's otherwise untimely filing of a habeas petition. There, the warden had repeatedly misled and misinformed McMillan about how and when to appeal his designation as a sex offender. We based our conclusion on this premise:

> "Our Supreme Court has specifically held that where an administrative agency misleads a litigant as to the deadline to seek reconsideration, which is a prerequisite to further appeal, the litigant should not be deprived of his or her rights if he or she acts within the erroneously stated period." *McMillan*, 35 Kan. App. 2d at 661.

That premise does not apply here. Guilbeaux does not allege he was misled as to any deadline for filing his petition. Nor does he allege that he acted within some time frame EDCF officials had told him about. Instead, Guilbeaux relies on two documents:

- EDCF's September 8, 2017 response which said:  "This SJ was submitted as accepted. You have the right to appeal."
- A response from the deputy warden dated January 23, 2018, recommending that he "file in District Court if you feel like the appeal process failed you."

Neither statement informed Guilbeaux of any deadline for filing a K.S.A. 60-1501 petition. And neither statement, individually or collectively, could reasonably have misled Guilbeaux as to the deadline for filing that petition. A K.S.A. 60-1501 petition is

8

not an appeal of a prior decision. As the district court found, "Such a remark does not excuse Guilbeaux's statutory necessity to file his case promptly with this court." See *Knittel*, 2014 WL 6777450, at \*4 ("Knittel cannot show that he should be allowed to file an otherwise untimely 60-1501 petition because he did not understand the law governing exhaustion of administrative remedies applicable to the review board's decisions.").

     Affirmed.